ERIK A. OLSON [8479]
EOLSON@MOHTRIAL.COM
TREVOR C. LANG [14232]
TLANG@MOHTRIAL.COM
**MARSHALL OLSON & HULL**
NEWHOUSE BUILDING
TEN EXCHANGE PLACE, SUITE 350
SALT LAKE CITY, UTAH 84111
TELEPHONE: 801.456.7655

ATTORNEYS FOR PLAINTIFFS

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| JAMES MORDEN, JENALYN MORDEN, and WADE MORDEN, individuals, <br><br> Plaintiffs, <br><br> v. <br><br> XL SPECIALTY INSURANCE COMPANY, a Delaware corporation, <br><br> Defendant. | **COMPLAINT** <br><br> **[JURY DEMANDED]** <br><br> Case No. _____ |

Plaintiffs James Morden, Jenalyn Morden, and Wade Morden hereby complain against

defendant XL Specialty Insurance Company and allege as follows:

### JURISDICTION AND VENUE

1.      Plaintiffs James Morden, Jenalyn Morden, and Wade Morden are citizens of the

State of Utah.  They bring this action for themselves and as assignees of Belsen Getty, LLC

("Belsen Getty"), and Terry M. Deru ("Deru").

2.      On information and belief, defendant XL Specialty Insurance Company ("XL") is incorporated in the state of Delaware, with its principal place of business in either Stamford, Connecticut or Dublin, Ireland.

3.      Mordens bring this action pursuant to 28 U.S.C. § 1332(a), based on the diversity of citizenship of the parties and the amount in controversy exceeding the sum or value of $75,000, exclusive of interest and costs.

4.      Venue is proper in this District under 28 U.S.C. § 1391(b).

## GENERAL ALLEGATIONS

5.      Belsen Getty was registered as an investment adviser with the United States Securities and Exchange Commission.

6.      Deru was the director, managing member, and control person of Belsen Getty.

7.      In or about 1990, James and Jenalyn Morden became clients of Belsen Getty, with Deru as their investment advisor representative.

8.      In or about May 2009, Wade Morden became a client of Belsen Getty, with Deru as his investment advisor representative.

9.      Beginning in or about May 2009, Belsen Getty and Deru solicited an investment from Mordens in a mining operation in Mexico known generally as Vermillion Holdings (the "Mexican Investment").

10.      Belsen Getty and Deru failed to perform their duties as a financial adviser by not performing adequate due diligence, investigation, and research—including a thorough analysis of the Mexican Investment—prior to soliciting an investment from Mordens.

11.     Belsen Getty and Deru made various untrue statements of material fact to Mordens and failed to disclose other material facts, which led Mordens to make multiple investments in the Mexican Investment throughout 2009 totaling $1,000,000.

12.     Mordens received promissory notes for their investments, and received 4% of the preferred stock of Vermillion Holdings.

13.     In January 2010, following Mordens' investment in the Mexican Investment, Mordens toured the mining site and discovered that the project was not as Belsen Getty and Deru had represented it.

14.     Based on advice and encouragement of Belsen Getty and Deru, Mordens determined that they needed to become more active in the operations of the project in order to salvage their prior investment.

15.     Mordens and Belsen Getty and Deru entered into an agreement in January 2010 whereby Mordens would receive exclusive rights to and control over the mining operation and equipment, and Belsen Getty and Deru would line up additional investors to help defray the cost of the debts and obligations of the Mexican Investment.

16.     Mordens discovered liabilities and obligations of the Mexican Investment that had not been disclosed.

17.     Mordens in fact paid bills, obligations, and operating expenses of the Mexican Investment.

18.     Mordens did not receive the salaries they earned for their labor performed in connection with the Mexican Investment.

19.     Mordens have failed to recover their investment in the Mexican Investment.

20.     Belsen Getty's and Deru's recklessly misleading statements and omissions of material fact, made in connection with the offer, sale, or purchase of the Mexican Investment to Mordens, actually and proximately caused Mordens to suffer losses.

21.     Belsen Getty and Deru were insured under a Financial Services Liability Policy (the "Policy") issued by XL, which has policy limits of $1,000,000 for each policy period for all claims under the Investment Advisers Professional Liability Coverage Part and $1,000,000 for each policy period for all claims under the Policy.

22.     In or about October 2011, Mordens filed a lawsuit against Belsen Getty and Deru in Second District Court, Davis County, State of Utah, entitled *Morden et al. v. Belsen Getty, LLC, et al.,* Case No. 110706689 (the "Lawsuit"), in which Mordens asserted that they suffered various losses in connection with the Mexican Investment.  The damages claims asserted by Mordens in the Lawsuit greatly exceeded the limits of coverage under the Policy.

23.     The Lawsuit was stayed pending arbitration.

24.     In or about October 2011, Belsen Getty and Deru, through their counsel, notified XL of the Lawsuit.

25.     In or about December 2011, XL, through its counsel, notified Belsen Getty and Deru that it was denying coverage under the Policy.

26.     In or about May 2012, Mordens' counsel tendered a settlement offer to Belsen Getty and Deru, which the Insured forwarded to XL, in which Mordens offered to settle the claims in the Lawsuit for the coverage limits of the Policy.

27.     XL, in disregard of the probability of an excess judgment against Belsen Getty and Deru in the Lawsuit, negligently and in bad faith refused to extend coverage for or to settle Mordens' claims against Belsen Getty and Deru.

28.     Belsen Getty and Deru recognized that they have significant potential exposure on Mordens' claims and that they will incur significant expenses in continuing to defend against the Lawsuit.  Mordens and Belsen Getty and Deru reasonably anticipated that if the claims raised in the Lawsuit were tried before an arbitrator, an arbitration award would be made against Belsen Getty and Deru in excess of Mordens' settlement offer.  In order to protect themselves from a substantial likelihood of an arbitration award in excess of the coverage limits of the Policy, Mordens and Belsen Getty and Deru agreed to settle the Lawsuit on the following terms:

   a.     Belsen Getty and Deru agreed to entry of an arbitration award against Belsen Getty and Deru in the amount of $5,434,730, calculated as of December 1, 2013.

   b.     Belsen Getty and Deru agreed to assign any claim they may have against XL to Mordens.

   c.     Mordens agreed not to execute on the arbitration award against Belsen Getty and Deru.

   d.     Mordens and Belsen Getty and Deru expressly agreed to preserve any claims against XL.

29.     The acts and omissions of XL were the result of willful and malicious or intentionally fraudulent conduct, or conduct that manifested a knowing and reckless indifference toward, and a disregard of, the rights of others, entitling Mordens to an award of punitive damages.

## FIRST CLAIM FOR RELIEF

30.     Mordens reallege and incorporate by reference each of the foregoing paragraphs as if fully set forth herein.

31.     Without limitation, XL owed to Belsen Getty and Deru the following duties:

   a.  A duty to conduct a prompt, reasonable, and diligent investigation of the facts of the Lawsuit to determine the validity of Mordens' claim;

   b.  A duty to evaluate the claim fairly;

   c.  A duty to attempt in good faith to effectuate a prompt, fair and equitable settlement of a claim where liability is reasonably clear;

   d.  A duty to act promptly and reasonably in settling the claim;

   e.  A duty not to reject a reasonable and fair offer of settlement;

   f.  A duty not to put its insureds through unnecessary litigation;

   g.  A duty not to put its insureds' personal assets at risk;

   h.  A duty to pay valid claims against its insureds timely;

   i.  A duty to refrain from actions that would injure its insureds' ability to obtain the benefits of the insurance contract; and

   j.  A duty of good faith and fair dealing.

32.  XL negligently and in bad faith breached the duties it owed to Belsen Getty and Deru by, among other things:

   a.  Failing to conduct a prompt, reasonable, and diligent investigation of Mordens' claims;

   b.  Failing to evaluate the claim fairly;

   c.  Failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim;

   d.  Not making a reasonable offer to settle Mordens' claims against the Insured;

   e.  Rejecting reasonable and fair offers of settlement;

f.      Putting Belsen Getty and Deru through unnecessary litigation;

g.      Putting Belsen Getty's and Deru's personal assets at risk;

h.      Failing to pay promptly any part of Mordens' claim against Belsen Getty and Deru; and

i.      Failing to pay any part of the settlement that Belsen Getty and Deru entered into with Mordens.

33.    As a direct and proximate result of XL's breaches of the duties it owed to Belsen Getty and Deru, Belsen Getty and Deru were exposed to liability in excess of the coverage limits of the Policy, were deprived of the benefits to which they were entitled, were forced to hire attorneys and incur expenses to obtain the benefits to which they were entitled, and have otherwise been damaged in amounts to be determined at trial.

34.    Mordens, as Belsen Getty's and Deru's assignees, are entitled to assert these claims against XL.

## SECOND CLAIM FOR RELIEF

35.    Mordens reallege and incorporate by reference each of the foregoing paragraphs as if fully set forth herein.

36.    XL owed to Belsen Getty and Deru a fiduciary duty to act for the benefit of and in the best interests of its insureds and to give at least as much consideration to protecting the interests of its insureds as it would to protecting its own interests.

37.    XL's duty required it to accept a settlement offer and participate in a settlement within the coverage limits of the Policy if there was a substantial likelihood that a judgment would be rendered against its insureds in excess of those limits.

38.     There was a substantial likelihood that a judgment would be rendered against Belsen Getty and Deru in excess of those limits.

39.     XL unreasonably, in bad faith, and in violation of its fiduciary duties owed to Belsen Getty and Deru, rejected settlement offers and refused to participate in a settlement within the available coverage limits of the Policy.

40.     As a direct and proximate result of XL's breaches of the fiduciary duties it owed to Belsen Getty and Deru, Belsen Getty and Deru were exposed to liability in excess of the coverage limits of the Policy, were deprived of the benefits to which they were entitled, were forced to hire attorneys and incur expenses to obtain the benefits to which they were entitled, and have otherwise been damaged in amounts to be determined at trial.

41.     Mordens, as Belsen Getty's and Deru's assignees, are entitled to assert these claims against XL.

## **DEMAND FOR TRIAL BY JURY**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Mordens demand trial by jury of all issues and claims in this case so triable.

## **PRAYER FOR RELIEF**

WHEREFORE, Mordens respectfully request a judgment against XL, and in favor of Mordens, as follows:

1.     For the balance of the arbitration award against Belsen Getty and Deru, in the amount of $5,434,730 as of December 1, 2013;

2.     For general damages in an amount to be determined at trial;

3.     For special and consequential damages in an amount to be determined at trial;

4.     For reasonable attorneys' fees and costs incurred in bringing this action;

5.     For prejudgment and post-judgment interest at the highest legal rate;

6.     For punitive damages to the fullest extent allowed by law; and

7.     For such other and further relief as this Court deems just and proper.

DATED this 27th day of March, 2014.

MARSHALL OLSON & HULL

BY:     /s/ Erik A. Olson
         ERIK A. OLSON
         TREVOR C. LANG

ATTORNEYS FOR PLAINTIFFS

JS 44 (Rev. 12/12)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| James Morden, Jenalyn Morden, Wade Morden | XL Specialty Insurance Company |

**(b)** County of Residence of First Listed Plaintiff   Salt Lake County, Utah
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   Unknown
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Marshall Olson & Hull, P.C.
10 Exchange Place, Suite 350, Salt Lake City, Utah 84111
(801) 456-7655

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1 U.S. Government
   Plaintiff

☐ 2 U.S. Government
   Defendant

☐ 3 Federal Question
   *(U.S. Government Not a Party)*

☒ 4 Diversity
   *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*    *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - |   of Property 21 USC 881 | ☐ 423 Withdrawal | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product |   Product Liability | ☐ 690 Other |   28 USC 157 | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument |   Liability | ☐ 367 Health Care/ | | | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & |   Pharmaceutical | | **PROPERTY RIGHTS** | ☐ 450 Commerce |
|   & Enforcement of Judgment |   Slander |   Personal Injury | | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' |   Product Liability | | ☐ 830 Patent | ☐ 470 Racketeer Influenced and |
| ☐ 152 Recovery of Defaulted |   Liability | ☐ 368 Asbestos Personal | | ☐ 840 Trademark |   Corrupt Organizations |
|   Student Loans | ☐ 340 Marine |   Injury Product | | | ☐ 480 Consumer Credit |
|   (Excludes Veterans) | ☐ 345 Marine Product |   Liability | **LABOR** | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment |   Liability | **PERSONAL PROPERTY** | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ |
|   of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud |   Act | ☐ 862 Black Lung (923) |   Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 720 Labor/Management | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 190 Other Contract |   Product Liability | ☐ 380 Other Personal |   Relations | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal |   Property Damage | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 196 Franchise |   Injury | ☐ 385 Property Damage | ☐ 751 Family and Medical | | ☐ 895 Freedom of Information |
| | ☐ 362 Personal Injury - |   Product Liability |   Leave Act | |   Act |
| |   Medical Malpractice | | ☐ 790 Other Labor Litigation | | ☐ 896 Arbitration |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement | **FEDERAL TAX SUITS** | ☐ 899 Administrative Procedure |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** |   Income Security Act | ☐ 870 Taxes (U.S. Plaintiff |   Act/Review or Appeal of |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | |   or Defendant) |   Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate | | ☐ 871 IRS—Third Party | ☐ 950 Constitutionality of |
| ☐ 240 Torts to Land | ☐ 443 Housing/ |   Sentence | |   26 USC 7609 |   State Statutes |
| ☐ 245 Tort Product Liability |   Accommodations | ☐ 530 General | | | |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| |   Employment | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 446 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration | | |
| |   Other | ☐ 550 Civil Rights |   Actions | | |
| | ☐ 448 Education | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - | | | |
| | |   Conditions of | | | |
| | |   Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1 Original
   Proceeding

☐ 2 Removed from
   State Court

☐ 3 Remanded from
   Appellate Court

☐ 4 Reinstated or
   Reopened

☐ 5 Transferred from
   Another District
   *(specify)*

☐ 6 Multidistrict
   Litigation

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:

Brief description of cause:
Insurance Bad Faith

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION
  UNDER RULE 23, F.R.Cv.P.

DEMAND $
5,434,730.00

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*
JUDGE _____    DOCKET NUMBER _____

DATE
03/26/2014

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____    AMOUNT _____    APPLYING IFP _____    JUDGE _____    MAG. JUDGE _____