ERIK A. OLSON [8479]
EOLSON@MOHTRIAL.COM
TREVOR C. LANG [14232]
TLANG@MOHTRIAL.COM
**MARSHALL OLSON & HULL, P.C.**
NEWHOUSE BUILDING
TEN EXCHANGE PLACE, SUITE 350
SALT LAKE CITY, UTAH 84111
TELEPHONE: 801.456.7655

ATTORNEYS FOR PLAINTIFFS

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| JAMES MORDEN, JENALYN MORDEN, and WADE MORDEN, individuals, <br><br> Plaintiffs, <br><br> v. <br><br> XL SPECIALTY INSURANCE COMPANY, a Delaware corporation, <br><br> Defendant. | **ATTORNEY'S PLANNING MEETING REPORT** <br><br> Case No. 2:14-cv-00224-CW |

Plaintiffs James Morden, Jenalyn Morden, and Wade Morden and defendant XL
Specialty Insurance Company hereby submit the attorney planning meeting report as follows:

1.      **PRELIMINARY MATTERS**:

a.      The nature of the claims and affirmative defenses is:  plaintiffs, on behalf of
themselves and as assignees of the Insured, have brought an action against defendant for
bad faith and breach of duty under a professional liability insurance policy (the "Policy").
Defendant acknowledges the Policy, but claims that it does not cover the Insured for the

underlying claim at issue for various reasons and denies that it is liable for any bad faith claim.

b.      This case is referred to magistrate Judge Paul M. Warner under 636(b)(1)(A).

c.      Pursuant to Fed. R. Civ. P. 26(f), a meeting was held on June 27, 2014, between Erik A. Olson and Trevor C. Lang, counsel for plaintiffs, and Jennifer Mathis and Tom Prouty, counsel for defendant.

d.      The parties do not request an initial pretrial scheduling conference with the court prior to entry of the scheduling order.

e.      The parties will exchange by 08/08/2014 the initial disclosures required by Rule 26(a)(1).

f.      Pursuant to Fed. R. Civ. P. 5(b)(2)(D), the parties agree to receive all items required to be served under Fed. R. Civ. P. 5(a) by either (i) notice of electronic filing, or (ii) e-mail transmission.  Such electronic service will constitute service and notice of entry as required by those rules.  Any right to service by USPS mail is waived.

2.      **DISCOVERY PLAN**:  The parties jointly propose the following discovery plan:

a.      Discovery is necessary on all factual matters pertaining to claims and defenses.

b.      Discovery Phases.

- First Phase (prior to close of fact discovery): discovery into all issues relating to liability, defenses, and damages.

- Second Phase (subsequent to close of fact discovery): expert reports from all experts, and all discovery related thereto.

c.      Discovery methods and limitations:

    (1)     Oral Exam Depositions

- Plaintiffs: 10

- Defendant: 10

    (2)     Written Discovery:

- Interrogatories: 25 maximum by any Party to any Party

- Requests for Admission: 25 maximum by any Party to any Party

- Requests for Production of Documents: 50 maximum by any Party to any Party

d.      The parties agree to resolve claims of privilege or protection as trial preparation material asserted after production in accordance with DUCiv R 26-2.

**3.      AMENDMENT OF PLEADINGS AND ADDITION OF PARTIES**:

a.      The cutoff date for filing a motion to amend pleadings is:   12/19/2014

b.      The cutoff date for filing a motion to join additional parties is:   12/19/2014

*(NOTE:  Establishing cutoff dates for filing motions does not relieve counsel from the requirements of Fed.R.Civ.P. 15(a)).*

**4.      EXPERT REPORTS**:

Reports from experts under Rule 26(a)(2) will be submitted as follows:

- Plaintiffs: within 28 days from the close of fact discovery.

- Defendant: within 28 days after receipt of plaintiffs' report(s).

- Counter Report(s): within 28 days after receipt of the opposing party's expert report(s).

**5.   OTHER DEADLINES**:

a.   Fact Discovery Cutoff:  2/27/2015

b.   Expert Discovery cutoff:  6/26/2015

c.   Deadline for filing dispositive[1] or potentially dispositive motions:  7/17/2015

**6.   ALTERNATIVE DISPUTE RESOLUTION ("ADR")/SETTLEMENT**:

a.   The potential for resolution before trial is:  fair

b.   This case should not be referred to the court's ADR program.

c.   The parties will re-evaluate the case for ADR/settlement on:  2/27/2015

**7.   TRIAL AND PREPARATION FOR TRIAL:**

a.   The parties should have 14 days after service of final lists of witnesses and exhibits to list objections under Rule 26(a)(3).

b.   This case should be ready for trial by:   Fall 2015.

Type of trial:   Jury

c.   The estimated length of the trial is: Five days.

DATED this 18th day of July, 2014.

MARSHALL OLSON & HULL, P.C.

BY:      /s/ Trevor C. Lang_____
         ERIK A. OLSON
         TREVOR C. LANG

ATTORNEYS FOR PLAINTIFFS

---

[1] Dispositive motions, if granted, affect the final resolution of the case; nondispositive motions, if granted, affect the case but do not dispose of it.

D<small>ATED</small> this 18th day of July, 2014.

T<small>ROUTMAN</small> S<small>ANDERS</small>, <small>LLP</small>

B<small>Y</small>:    <u>/s/ Jennifer Mathis (*with permission*)</u>
         D<small>AVID</small> M. G<small>ISCHE</small>
         J<small>ENNIFER</small> M<small>ATHIS</small>
         T<small>HOMAS</small> H. P<small>ROUTY</small>

A<small>TTORNEYS FOR</small> D<small>EFENDANT</small>

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the foregoing **ATTORNEY'S PLANNING MEETING REPORT** was filed this 18th day of July, 2014, via the Court's electronic system, which served all counsel of record.

/s/ Trevor C. Lang