IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| JAMES MORDEN, et al.,<br><br>　　　　　　　Plaintiffs,<br><br>v.<br><br>XL SPECIALTY INSURANCE CO.,<br><br>　　　　　　　Defendant. | **MEMORANDUM DECISION AND ORDER DENYING MOTION TO ALTER OR AMEND JUDGMENT**<br><br>Case No. 2:14-cv-00224<br><br>Judge Clark Waddoups |

　　　　Plaintiffs James, Jenalyn, and Wade Morden (collectively, the Mordens) have moved the court to alter or amend the judgment in this case under Federal Rule of Civil Procedure 59(e), (Dkt. No. 96). The Mordens bring this motion following the court's orders granting summary judgment on the Mordens' bad faith and breach of fiduciary duty claims, (*see* Dkt. No. 80), and granting Defendant XL Specialty Insurance Co.'s (XL's) motion to voluntarily dismiss its remaining counterclaim and denying the Mordens' motion to amend their complaint, (*see* Dkt. No. 92).

　　　　On January 11, 2017, the court heard oral argument on the Mordens' motion. Upon careful consideration of the parties' filings and arguments, relevant case law, and the record in this case, the court DENIES the Mordens' motion to alter or amend the judgment, (Dkt. No. 96).

## BACKGROUND

　　　　The court has previously detailed the factual background of this case in its orders on summary judgment and on XL's motion to voluntarily dismiss/the Mordens' motion to amend. (Dkt. Nos. 80 & 92.) Thus, the court only recounts the background relevant to the Mordens' present motion to alter the judgment.

On March 27, 2014, the Mordens commenced this action against XL asserting two unlabeled claims for relief. (*See* Dkt. No. 2, pp. 5–8.) The "First Claim for Relief" alleged XL owed a number of duties under an insurance policy issued to the insureds, including "a duty to pay valid claims against its insureds timely" and "a duty to refrain from actions that would injure its insureds' ability to obtain the benefits of the insurance contract." (*Id.* at 5–6.) The claim further stated "XL negligently and in bad faith breached the duties it owed" to the insureds by, among other things, failing to pay the Mordens' claim against the insureds and failing to pay an arbitration award[1] entered against the insureds and assigned to the Mordens. (*Id.* at 6–7.) The claim also alleged damages as a "direct and proximate result of XL's breaches of the duties it owed." (*Id.* at 7.) The complaint sought $5,434,730 in damages—the amount of the arbitration award—as well as general and consequential damages in an amount to be determined at trial. (*See id.* at 8.) The amount of damages prayed for would only have been available as a bad faith claim in tort and not available as a contract claim because of the $1,000,000 policy limit. (*See id.* at 4.)

In answering the complaint, XL contended various affirmative defenses and policy exclusions barred coverage of the Mordens' claim. (*See* Dkt. No. 12.) XL also filed a counterclaim for declaratory judgment that the policy did not cover the Mordens' claims and that XL did not act in bad faith in refusing to extend coverage for, or to settle, the Mordens' claims. (*Id.* at 20–22.)

The Mordens sought partial summary judgment on eight of XL's affirmative defenses and on XL's declaratory judgment counterclaim involving the interrelated wrongful acts

---

[1] As the court noted in its summary judgment order, (Dkt. No. 80, p.5 n.5), the insureds and the Mordens settled their dispute rather than arbitrating it, though the parties characterized the settlement as an arbitration award.

exclusion. In turn, XL sought judgment that it had not acted in bad faith or breached its fiduciary duties in denying the Mordens' claim. After a substantial summary judgment process, including lengthy oral argument and supplemental briefing, (*see* Dkt. Nos. 25, 30, 46, 50, 53, 67, 70, 71, 72, 76, 77, 78, 79), the court issued a memorandum decision and order granting the Mordens' motion for summary judgment on XL's counterclaim based on the interrelated wrongful acts exclusion. (*See* Dkt. No. 80.) But the court also found that, irrespective of whether there was coverage under the policy, XL did not act in bad faith or breach its fiduciary duties in concluding that the Mordens' claim was not covered. (*See id.*)

With the Mordens' bad faith claims resolved, XL sought to dismiss its remaining counterclaim for declaratory judgment. (Dkt. No. 81.) The Mordens opposed dismissal of the counterclaim and moved to amend the complaint to add a claim that XL was contractually obligated to indemnify the insureds up to the policy limit of $1,000,000. (Dkt. Nos. 82 & 85.) Ultimately, the court concluded that XL was entitled to voluntarily dismiss its counterclaim and that the Mordens had not demonstrated good cause to amend the complaint in the circumstances. (*See* Dkt. No. 92.) The court clerk entered final judgment in XL's favor as to the Mordens' bad faith and breach of fiduciary duty claims, and in the Mordens' favor as to XL's counterclaim regarding the interrelated wrongful acts provision. (Dkt. No. 93.) The Mordens' motion for Rule 59(e) relief from judgment followed. (Dkt. No. 96.)

## ANALYSIS

"Grounds for granting a Rule 59(e) motion include '(1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice.'" *Somerlott v. Cherokee Nation Distributors, Inc.*, 686 F.3d 1144, 1153 (10th Cir. 2012) (quoting *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir.

3

2000)). Absent one of these "highly unusual circumstances," the court should not grant a Rule 59(e) motion. *See Devon Energy Prod. Co. v. Mosaic Potash Carlsbad, Inc.*, 693 F.3d 1195, 1212 (10th Cir. 2012) (quoting *McDowell v. Calderon*, 197 F.3d 1253, 1255 (9th Cir. 1999)). Whether to grant or deny Rule 59(e) relief is committed to the court's sound discretion. *See Barber ex rel. Barber v. Colo. Dep't of Revenue*, 562 F.3d 1222, 1228 (10th Cir. 2009) (noting the appellate court will affirm a trial court's decision on a Rule 59(e) motion unless the court has "a definite and firm conviction that the lower court made a clear error of judgment or exceeded the bounds of permissible choice in the circumstances" (quoting *Phelps v. Hamilton*, 122 F.3d 1309, 1324 (10th Cir. 1997))).

"Rule 59(e) relief is appropriate only where 'the court has misapprehended the facts, a party's position, or the controlling law.'" *Barber*, 562 F.3d at 1228 (quoting *Servants of Paraclete*, 204 F.3d at 1012). "A motion to reconsider is not a second chance for the losing party to make its strongest case or to dress up arguments that previously failed." *Voelkel v. Gen. Motors Corp.*, 846 F. Supp. 1482, 1483 (D. Kan.), *aff'd*, 43 F.3d 1484 (10th Cir. 1994). Furthermore, unless extraordinary circumstances exist, a party may not seek Rule 59(e) relief on grounds available to the party on prior motions. *See Servants of Paraclete*, 204 F.3d at 1012. "A party may not use Rule 59(e) to raise legal arguments that it could and should have raised before the court issued its judgment." *Servants of Paraclete, Inc. v. Great Am. Ins. Co.*, 866 F. Supp. 1560, 1581 (D.N.M. 1994) (citing *Steele v. Young*, 11 F.3d 1518, 1520 n. 1 (10th Cir. 1993) ("Rule 59(e) cannot be used to expand a judgment to encompass new issues which could have been raised prior to issuance of the judgment.")).

The Mordens contend the court must alter the judgment to correct the clear error the court committed in overlooking the Mordens' breach of contract claim, as well as the manifest

injustice that arises from the court's determination that all claims in this case have been resolved, precluding the Mordens from fully litigating their contract claim. (*See* Dkt. No. 96, p. 4.) The Mordens point the court to their original complaint and emphasize that, when viewed under appropriate notice pleading principles, the complaint sufficiently stated the elements of a breach of contract claim and put XL on notice of such a claim. (*See id.* at 4–7.)

On review of the record, the court finds no obvious factual or legal error in its resolution of the issues in this case. Nor does the court find it overlooked or misapprehended the Mordens' position regarding the breach of contract claim.

The Mordens assert that XL was on notice of a breach of contract claim in the complaint because, though the claims were unlabeled, the complaint contained sufficient allegations to state the elements of such a claim. The parties' actions in the course of this litigation, however, demonstrate the opposite to be true: the Mordens were put on notice, several times, that both XL and the court understood the Mordens had *not* asserted a breach of contract or indemnification claim.

During the two years leading up to and including summary judgment, the Mordens themselves characterized this case as a bad faith action. (Dkt. No. 46, p. 2.) The Mordens introduced their motions for partial summary judgment stating "[t]his is an action to recover against XL for its bad-faith failure to settle claims that the Mordens had raised against XL's policyholders . . ." and "[t]he Mordens assert third-party bad faith claims against XL as assignees . . . ." (Dkt. No. 25, p. 1 & Dkt. No. 46, p. 1.) These statements were consistent with the Mordens seeking an amount of damages only available under bad faith claims.

In its cross-motion for summary judgment on the Mordens' claims for bad faith denial of coverage and breach of fiduciary duty, XL also characterized the Mordens' case as a bad faith

5

action. (*See* Dkt. 53, pp. 1 ("The Mordens' complaint asserts two counts for bad faith against XL."), 26 ("The Mordens' lawsuit is pled entirely as a bad faith lawsuit and asserts no other theory of recovery that would allow the Mordens to proceed if XL's coverage position is found to be fairly debatable and thus not in bad faith. If the Court does allow the Mordens to proceed with their lawsuit absent the bad faith claim, despite having failed to assert a claim for breach of contract in their complaint, the only issue remaining would be whether or not the Policy affords any coverage for the *Morden* Action.").) The Mordens did not dispute XL's characterizations of the case at any point during the summary judgment phase.

In its ruling on summary judgment, the court ultimately determined that, regardless of the failure of the exclusion on which the Mordens sought summary judgment, XL did not act in bad faith or breach a fiduciary duty. (Dkt. No. 80.) The court then concluded:

> This ruling resolves the Morden complaint in its entirety. The only issue remaining is XL's counterclaim for declaratory judgment that it had no obligation to pay the Morden Claim because of Exclusion J, which excludes coverage for losses relating to Belsen Getty's rendering of investment banking services. The court will entertain further briefing on this counterclaim, should the parties wish to pursue it.

(*Id.* at 33.) The court added a footnote stating that "[t]he court does not have any pending claim before it for payment within the Policy Limits and makes no determination of whether such payment is required or may be precluded by any other Policy exclusions." (*Id.* at p. 33 n.22.) The Mordens did not ask for reconsideration of the court's ruling at this point.

Once XL sought to dismiss the remainder of its counterclaim, however, the Mordens did seek amendment of their complaint to add a breach of contract claim. (*See* Dkt. No. 82.) The Mordens argued that XL's counterclaim was the inverse of an indemnification claim because its resolution would have required the court to determine the issue of coverage under the policy. (*Id.* at 7.) The Mordens also noted that the original complaint contained allegations "substantially

6

similar to the allegations of their breach of contract claim" and that the amendment would be "consistent with the Mordens' original complaint and seeks to clarify the remedies to which they are entitled." (*Id.* at 8.) The Mordens argued it was unnecessary for them to affirmatively plead an indemnification claim against XL so long as XL's counterclaim was in play. (*See* Dkt. No. 86, p. 5.) Thus, the Mordens essentially conceded in the briefing that they had not pled a breach of contract claim in the original complaint, though allegations supporting such a claim may have been present in and consistent with the initial filing.

The Mordens' oral argument on their motion to amend also includes this concession and belies their argument now that the court mistakenly overlooked the claim. (*See generally* Hr'g Tr., Dkt. No. 94.) After the court states its view that the Mordens have not asserted any coverage claim, counsel for the Mordens states:

> MR. OLSON: That's not – that's not – I disagree with that. We have asserted throughout the pleadings that coverage is appropriate. There was coverage and the court should conclude that there was coverage. *Now, what has not been specifically and discretely asserted in the complaint, hence the motion for leave to amend, is a nice clean breach of contract claim that comes right out and seeks that narrow remedy of the policy limits. I will concede that.* I can explain why and why it makes sense to grant the amendment. But that – that is seeking relief from the court in opposing a motion – in opposing declaratory relief, we have agreed that there is a justiciable controversy between the parties as to coverage. We have also asserted, in responding to the complaint, that XL breached the insurance policy and that those breaches preclude recovery by XL.

(*Id.* at 7 (emphasis added).) When asked why the Mordens did not file a claim for breach of contract or indemnification initially, counsel explains that the decision was rooted in the Mordens' theory of the case:

> MR. OLSON: . . . I think that there are two reasons and it starts with our understanding of the bad faith law of the State of Utah. . . . The coverage is throughout the pleadings, it's all in there, but it is our view, based on the fact that this is a third-party case, that the fairly debatable defense does not apply to a claim for a bad faith failure to cover an insurance policy. We argued this, we dealt with this in summary judgment. And as Your Honor reads the pleading, it is

> apparent from the pleading that it is our position that by failing to cover, failing to pay a covered claim, the insurer is automatically liable for all of the bad faith damages. . . . Since we automatically by showing a breach of the policy, by showing a failure to pay a covered claim, we believe that that is bad faith as a matter of Utah law. And that is apparent from our summary judgment briefing. That's what we asked for. That is how we opposed XL's motion for summary judgment on the bad faith claim. Since the 5,000,000 or so in damages for bad faith clearly subsumes a million dollars, the amount of the policy, we didn't see any need to assert that as a separate claim. And it wasn't until we received the court's ruling where the court makes the statement in a footnote on the last page of the decision that there is no remaining claim for relief that we thought, well, I don't think we need to do it, I don't think we're obligated as a matter of Utah law to plead that claim separately, we pled a bad faith claim for failure to cover a covered claim. . . . We pled a bad faith failure to cover. And under Utah law that would include breach of the implied covenant of good faith and fair dealing and the bad faith tort, the breach of fiduciary duty. It includes both. And the court properly distinguished between the two in its memorandum decision. So we pled a contract claim. It is pled as a bad faith contract claim, but it is in there, that is the implied covenant of good faith and fair dealing.

(*Id.* at 8–10.) When the court asked counsel why the Mordens did not simply plead the breach of contract claim in the alternative, counsel responded that the Mordens' theory of their case did not require that they plead a separate claim for breach of contract:

> MR. OLSON: We still didn't see a need to plead in the alternative because if we show coverage and a failure to pay, that's a bad faith failure to pay because this is a third-party claim. Again, we understand the court has ruled differently, but why plead in the alternative something that we don't think is legally required, something that we don't think is the claim in Utah.

(*Id.* at 11.) By failing to plead in the alternative, or indicate to the court the full scope of their case during summary judgment, the Mordens took the risk that the court ultimately would reject their theory of the case while simultaneously resolving the claims squarely presented.

In its order denying the motion to amend, the court explained that XL's claim for declaratory judgment was not the inverse of an affirmative claim for indemnification. (*See* Dkt. No. 92, pp. 5, 9.) The court noted that the Mordens had not asserted their own affirmative defense of coverage under the policy. (*Id.* at 6 n.2.) The court recognized that "[i]f the Mordens

8

wished to have a policy determination as to coverage that would entitle them to a judgment for indemnification, they could have included a claim for indemnification in their complaint," for the Mordens knew the facts and law needed to affirmatively raise the contract claim from the beginning of the case. (*Id.* at 6, 9.) Finally, the court noted that "the Mordens do not assert that they have always pled an express breach of contract claim, nor do they ask the court to reconsider its prior ruling that its resolution of the Mordens' bad faith claims resolved the Mordens' complaint in its entirety."[2] (*Id.* at 9, n.5.)

      Taking the circumstances of this case as a whole, the court concludes relief from the judgment is not warranted. The Mordens raised the affirmative breach of contract claim and asserted its presence since the inception of the case only after the court's order entering judgment on the Mordens' bad faith claims. The complaint may have contained allegations and inferences supporting a breach of contract claim, but the court finds the Mordens' reliance on the pleading rules now disingenuous in light of the long history of this case, including an extensive summary judgment process during which XL stated its belief that the Mordens had not asserted any breach of contract claim, to no rebuttal by the Mordens, and the Mordens' representations during the presentation of their motion to amend that they did not believe such pleading was required. Moreover, the court would be sanctioning potentially abusive litigation practices by allowing a party to raise a latent contract claim that, though supportable by allegations in the original complaint, the party failed to assert or articulate until after substantial discovery, summary judgment on the original two claims for relief, and denial of amendment of the complaint for

---

[2] During oral argument, the Mordens' counsel described the court's footnotes in its orders on summary judgment and dismissal/amendment as simply addressing "housekeeping matters." While these footnotes were dicta and are not dispositive here, they demonstrate that the court did not overlook the parties' positions or, in particular, the arguments the parties omitted.

lack of good cause. *See Servants of Paraclete*, 204 F.3d at 1012 (holding Rule 59(e) "is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing"); *Jaramillo v. Gov't Employees Ins. Co.*, 573 F. App'x 733, 750 (10th Cir. 2014) (unpublished) (finding "no facts or legal theories other than ones [plaintiffs] repackaged from earlier proceedings or *could have* asserted during those proceedings").

In these circumstances, the court concludes it did not commit clear error by overlooking the Mordens' breach of contract claim. The Mordens invited any injustice arising from the judgment by failing to safeguard their case from an adverse ruling by pleading in the alternative.

## CONCLUSION

For the foregoing reasons, the court **DENIES** the Mordens' motion to alter or amend the judgment.

DATED this 2nd day of February, 2017.

BY THE COURT:

_____
Clark Waddoups
United States District Judge