IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| JAMES MORDEN, et al.,<br><br>             Plaintiffs,<br><br>v.<br><br>XL SPECIALTY INSURANCE CO.,<br><br>             Defendant. | **MEMORANDUM DECISION AND ORDER DENYING MOTION FOR RULE 54(b) CERTIFICATION BUT IN THE ALTERNATIVE GRANTING RULE 54(b) CERTIFICATION**<br><br>Case No. 2:14-cv-00224<br><br>Judge Clark Waddoups |

Plaintiffs James, Jenalyn, and Wade Morden (collectively, the Mordens) and Defendant XL Specialty Insurance Company (XL Specialty) have jointly moved the court to certify its August 1, 2016 Judgment, (Dkt. No. 93), as a final appealable judgment pursuant to Federal Rule of Civil Procedure 54(b). (Dkt. No. 113.) On August 1, 2016, the court entered judgment in favor of XL Specialty on the Mordens' bad faith and breach of fiduciary duty claims and in favor of the Mordens on XL Specialty's counterclaim for declaratory judgment related to the interrelated wrongful acts provision of the insurance policy. (Dkt. No. 93.) The court also granted Defendant XL Specialty's motion to voluntarily dismiss its remaining counterclaim on policy coverage without prejudice because it was "moot" in the absence of the bad faith claims or an underlying contract claim, and denied the Mordens' motion to amend the complaint to add a contract claim. (Dkt. No. 92.)

Upon consideration of the motion and the posture of this case, the court **DENIES** the parties' motion for Rule 54(b) certification. Though the parties may find it more expedient to obtain Rule 54(b) certification, (Dkt. No. 113, p. 4), the court has an obligation to determine whether certification under Rule 54(b) is proper. Unless such certification is proper, granting the

stipulated motion would simply allow the parties to stipulate to appellate jurisdiction, which the parties may not do. Upon review of the facts and application of the Rule and applicable precedents, the court finds the case is ripe for appellate review without Rule 54(b) certification.

Federal Rule of Civil Procedure 54(b) provides:

> When an action presents more than one claim for relief—whether as a claim, counterclaim, crossclaim, or third-party claim—or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay.

The Tenth Circuit has cautioned that "Rule 54(b) entries are not to be made routinely." *Okla. Turnpike Auth. v. Bruner*, 259 F.3d 1236, 1242 (10th Cir. 2001) (quoting *Great American Trading Corp. v. I.C.P. Cocoa, Inc.*, 629 F.2d 1282, 1286 (7th Cir. 1980)). "The purpose of Rule 54(b) 'is to avoid the possible injustice of a delay in entering judgment on a distinctly separate claim or as to fewer than all of the parties until the final adjudication of the entire case by making an immediate appeal available.'" *Bruner*, 259 F.3d at 1241 (quoting 10 Charles A. Wright et al., *Federal Practice and Procedure: Civil 2d* § 2654 at 33 (1982)). In the circumstances of this case, the court finds Rule 54(b) is not on point because the court's judgment "conclusively ruled on all claims presented by the parties to the case." *Id.* at 1242.

The court dismissed without prejudice XL Specialty's counterclaim seeking a declaration that there is no coverage under the policy. That dismissal, however, did not leave any viable claims unresolved. Once the court precluded the Mordens from amending the complaint to assert a contract claim under the insurance policy, there was no continuing "actual and justiciable controversy" between XL Specialty and the Mordens. (*See* Dkt. No. 12, p. 21 (describing XL Specialty's counterclaim).) Based on their theory of the case, the Mordens argued they were not required to plead or pursue any underlying contract claim. The court rejected that argument and

2

denied leave to amend the complaint and denied a motion to alter the judgment.  Thus, the court precluded the Mordens from attempting to further litigate their contract claim after summary judgment on their original theory of the case. Upon resolution of the motions and entry of the court's order, the Mordens are "effectively excluded from federal court under the present circumstances," *Jackson v. Volvo Trucks N. Am., Inc.*, 462 F.3d 1234, 1238 (10th Cir. 2006), and all claims asserted in this case are resolved by the court's judgment. Absent an ongoing unresolved dispute as to coverage under the policy, the "actual controversy" forming the basis of XL Specialty's counterclaim for declaratory relief ceased to exist. *See* 28 U.S.C. § 2201(a) (stating courts may declare the rights of parties in cases of "actual controversy"); *Columbian Fin. Corp. v. BancInsure, Inc.*, 650 F.3d 1372, 1376 & 1383 (10th Cir. 2011) (noting the Declaratory Judgment Act's "actual controversy" language refers to the types of cases and controversies justiciable under Article III, and finding no "declaratory-judgment action in federal court to construe the coverage of a liability-insurance policy in which the insured has failed to identify a specific claim or potential claim against it").

The facts of the present case fall squarely under the rationale and holding of *Jackson*. In that case, the plaintiff asserted a number of state law causes of action sounding in contract and tort. Plaintiff also asserted a claim for civil conspiracy. The trial court granted summary judgment against the plaintiff on some of the claims and the parties stipulated to dismissal of the remaining claims with prejudice. The civil conspiracy claim, however, was dismissed without prejudice. On appeal the issue was whether the parties had appealed a "final" judgment necessary for the appellate court to exercise jurisdiction. The court cited the general rule stated in *Heimann v. Snead*, 133 F.3d 767 (10th Cir. 1998), that "a party cannot obtain appellate jurisdiction where the district court has dismissed at least one claim without prejudice . . . ."

3

*Jackson*, 462 F.3d at 1238. Nonetheless, the Court concluded it had jurisdiction because civil conspiracy requires as an essential element an underlying tort case. Because the underlying tort claims had been dismissed with prejudice, the plaintiff was "barred from further litigation on the conspiracy claim." *Id.* Thus, the Court concluded the case fell within the exception to the general rule, citing *Amazon, Inc. v. Dirt Camp, Inc.* 273 F.3d 1271, 1275 (10th Cir. 2000). This case falls within the same exception. Once the Mordens' claims had been dismissed with prejudice, there was no actual and justiciable controversy to support the counterclaim for declaratory judgment. XL Specialty's counterclaim on policy coverage is no longer viable. Accordingly, the court finds that no further certification of its judgment is needed and the case is ripe for appellate review.

In the alternative, should it be determined that *Jackson* does not apply to the facts of this case, the court finds that the requirements of Rule 54(b) have been met and that final judgment has been and should be entered on the claims on which the court has ruled. The court finds that there is no just reason for delay.

DATED this 6th day of April, 2017.

BY THE COURT:

Clark Waddoups
United States District Judge

4